UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURT BLANK,<br><br>           Plaintiff,<br><br>     v.<br><br>DAVID MULLET and JENNY MULLET,<br><br>           Defendants. | No. 1:16-cv-00302-DAD-BAM<br><br>ORDER SUA SPONTE REMANDING MATTER TO THE FRESNO COUNTY SUPERIOR COURT AND DENYING AS MOOT MOTIONS TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. Nos. 1, 3–4) |

This is an unlawful detainer action brought under California state law by plaintiff Curt Blank against defendants David Mullet and Jenny Mullet. On March 4, 2016, defendants removed this case from the Fresno County Superior Court. (Doc. No. 1.) Defendants assert that the basis for removal is the presence of a federal question because they filed an answer to plaintiff's unlawful detainer complaint, and the answer "depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." (*Id.* at 2.) A review of the answer indicates that defendants by way of affirmative defense are contending that plaintiff discriminated against them in violation of federal law. (*See id.* at 9.) On the same day, defendants each filed motions to proceed in forma pauperis in this court. (Doc. Nos. 3–4.)

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell*

1

*& Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."  *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).  "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court."  *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance."  *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566.  "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001).  Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary."  *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485.  Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose."  *California*, 215 F.3d at

1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, defendants David Mullet and Jenny Mullet have not shown that removal of this action to this federal court is appropriate. The complaint filed by plaintiff is a straight-forward unlawful detainer action that is based entirely on state law. As stated above, defendants rely solely on their answer to the complaint in attempting to establish federal jurisdiction. Defendants seek to base removal of this case on what appears to be a type of federal defense. This is improper, since the defensive invocation of federal law cannot form the basis of this court's jurisdiction. *See Vaden*, 556 U.S. at 70; *Caterpillar*, 482 U.S. at 392; *Wayne*, 294 F.3d at 1183; *California*, 215 F.3d at 1014.

Because there is no federal question appearing in plaintiff's complaint, defendants have failed to properly invoke this court's jurisdiction. Remand to the Fresno County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c); *Geographic Expeditions*, 599 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

Accordingly,

1. This action is REMANDED forthwith to the Fresno County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;
2. Defendants motions motion to proceed in forma pauperis (Doc. Nos. 3–4) are DENIED as moot; and
3. The court DIRECTS the Clerk of the Court to close this action.

IT IS SO ORDERED.

Dated:  **March 8, 2016**                             _____
                                                                      UNITED STATES DISTRICT JUDGE